# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. RIVERA-GONZALEZ<br><br>*Plaintiff*<br><br>vs.<br><br>WAL-MART PUERTO RICO, INC.<br><br>*Defendants* | Civil No:<br><br>ACTION FOR:<br><br>**ADA**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, JUAN A. RIVERA-GONZALEZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

## INTRODUCTION

1. This is a civil action brought for disability discrimination pursuant the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§146 ("Law 100"); the Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Laws Ann. §§ 501 ("Law 44"); and the Puerto Rico Law Against Unjustified Discharge of an Employee, 29 P.R. Laws Ann. §§ 185(a)("Law 80").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States.  Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367.  The state claims are so related to the federal claims in this action that they form part of the same case or controversy

1

    under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. JUAN A. RIVERA GONZALEZ ("Plaintiff") is a natural person, citizen of the United States of America, and resident of the State of Kentucky.

5. WALMART PUERTO RICO, INC. ("Defendant") is an entity organized under the laws of the State of Puerto Rico with legal capacity to sue and be sued and who operates various department stores in Puerto Rico.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In 2001 Plaintiff suffered an accident in a four-track in which he suffered a severe fracture of his right femoral bone. As a result of his four-track accident Plaintiff underwent an open reduction internal fixation surgery in his right leg for the permanent placement of a rod and screws.

7. As a consequence of his surgery, Plaintiff developed heterotopic bone formation overlying the right greater trochanter, arthritis of the proximal tibiofibular articulation and patellar spur formation among other conditions. These complications as well as the rod and screws in his right legs causes Plaintiff to constantly suffer pain in his right leg, right hip, right knee and lower back.

8. Plaintiff's aforementioned conditions substantially limits him from performing major life activities among which are the following: bend with frequency, practice any sport, running, jogging, walking fast, riding bicycle, make sudden side movements,

2

tie his shoes appropriately, lift anything weighing more than 20 lbs., making truncal rotation with force or weight, pushing or pulling things of some weight, and climb on construction ladders.

9. Plaintiff began working for the Defendant in its' Santa Isabel store in January of 2004. For over 10 years Plaintiff worked for the Defendant as an Associate in the warehouse department of said store. Among Plaintiff's responsibilities as an Associate in the warehouse were to carry, pull and push heavy merchandize in pallets, load merchandise on store shelves, as well as unload merchandize from large commercial cargo trucks.

10. As an Associate in the warehouse department of Defendant's Santa Isabel store Plaintiff performed his responsibilities over the years satisfactorily.

11. In January of 2014, as a result of Plaintiff's constant heaving movement with his right leg, truncal rotation and weight that he had to either carry, push or pull around, he began to suffer great pain in his right leg, right hip, right knee, and lower back.

12. Over the years Plaintiff had made the Defendant aware of his open reduction internal fixation surgery in his right leg as well as complication with his right leg.

13. During the year 2014 due to the excruciating pain suffered by Plaintiff in his right leg, right hip and other related body, he sought medical treatment.

14. In 2014, Plaintiff was absent from work seeking medical treatment for his right leg, right hip and other related body for around 6 days.

15. Despite Plaintiff having properly notify Defendant of his medically related absences to seek medical treatment, he received a written admonishment for those absences.

16. After the written admonishment, Defendant develop a pattern of hostilities towards the Plaintiff.

17. As a result of Plaintiff's medical complication with the heavy load he had to handle, he began to request his supervisor for a reasonable accommodation which consisted in a transfer to another department. These requests began in early 2014.

18. Plaintiff's request for reasonable accommodation was repeatedly denied. It was not until after Plaintiff applied for leave under Family Medical Leave Act (FMLA) around February of 2015 that the transfer was granted.

19. After Plaintiff return from his FMLA leave he was greeted with a second written admonishment for his medical related absences.

20. The doctor who certified Plaintiff's application for FMLA, Dr. A. Rivera Rosado, indicated that Plaintiff suffered from GTPS (Greater Trochanteric Pain Syndrome). Dr. Rivera Rosado also certified that Plaintiff was incapacitated to lift anything above 20 lbs., or to do any truncal rotation with force or weight. Dr. Rivera Rosado also certified that Plaintiff's limitations were permanent in nature.

21. Defendant's hostilities against the Plaintiff for his medically related absences extended throughout 2014 and 2015. For instance, despite having received a satisfactory evaluation for the year 2015 Plaintiff was informed at the time of the discussion of his evaluation that he was denied a 25-cents raised because of his medically related absences.

22. In one occasion the co-manager of the store even told Plaintiff that he (the co-manager) would be personally watching the Plaintiff.

23. After returning from his FMLA leave Plaintiff was welcomed with a second admonishment letter regarding is ADA medical absences.

24. As the ultimate discriminatory act against the Plaintiff for his medically related absences, Defendant terminated the Plaintiff on December 14, 2015.

25. Defendant's alleged reason for terminating the Plaintiff was a subterfuge for disability discrimination in violation of the American with Disability Act and Puerto Rico laws against disability discrimination.

26. Defendant's reason for terminating the Plaintiff is directly linked to Plaintiff's ADA medically related absence.

76. Plaintiff's highest salary within the last 3 years of her termination was approximately $17,000.00.

28. In light of Plaintiff's medical condition and the related physical limitation he experiences from these conditions he is a qualified individual under the American with Disability Act.

29. Defendant is an employer pursuant to the American with Disability Act.

30. As a result of Defendants' aforementioned disability discrimination conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages. Since his termination, Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness.

31. On December 18, 2015 Plaintiff filed a disability discrimination charge with the Anti-discrimination Unit. After exhausting administrative remedies Plaintiff received his right to sue letter on April 7, 2018.

### FIRST CAUSE OF ACTION
*Disability Discrimination – Termination ADA*

32. The allegations contained in paragraphs 1 through 31 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

33. Defendant's reason for terminating the Plaintiff constitutes evidence of disability discrimination as it took into account his ADA medically related absences.

34. Defendant's termination of Plaintiff was therefore based on his disability.

35. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

36. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

### SECOND CAUSE OF ACTION
*Hostile Work Environment - ADA*

37. The allegations contained in paragraphs 1 through 36 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

38. Defendant knowingly and purposefully created a hostile work environment against the Plaintiff by denying him a salary raise, giving him 2 admonishment letters and constantly being watched over, all because of his ADA medical related absences.

39. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

40. As a direct and proximate cause of Defendant's aforementioned disability harassment conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

### THIRD CAUSE OF ACTION
*Reasonable Accommodation ADA*

41. The allegations contained in paragraphs 1 through 40 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

42. Defendant knowingly and purposefully did not make medically reasonable accommodations to the Plaintiff to attend to his medical needs as a disable person.

43. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

44. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

### FORTH CAUSE OF ACTION
*Disability Discrimination – Termination  – Puerto Rico Law 100 and Law 44*

45. The allegations contained in paragraphs 1 through 44 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

46. Defendant's reason for terminating the Plaintiff constitutes evidence of disability discrimination as it was based on his medically related absences.

47. Defendant's termination of Plaintiff was therefore based on his disability.

48. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100 and Law 44.

49. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

### FIFTH CAUSE OF ACTION
*Hostile Work Environment - Puerto Rico Law 100 and Law 44*

50. The allegations contained in paragraphs 1 through 49 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

51. Defendant knowingly and purposefully created a hostile work environment against the Plaintiff by denying him a salary raise, giving him 2 admonishment letters and constantly being watched over, all because of his medical related absences.

52. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100 and Law 44.

53. As a direct and proximate cause of Defendant's aforementioned disability harassment conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

### SIXTH CAUSE OF ACTION:
*Reasonable Accommodation – Puerto Rico Law 44*

54. The allegations contained in paragraphs 1 through 53 of this Complaint are

incorporated by this reference as if fully set forth herein by Plaintiff.

55. Defendant knowingly and purposefully delayed making medically reasonable accommodations to the Plaintiff to attend to his medical needs as a disable individual.

56. Defendant's decision to delay and put off Plaintiff's request for reasonable accommodation was based on Plaintiff's disability.

57. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 44.

58. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## SEVENTH CAUSE OF ACTION:
*Puerto Rico Law 80*

59. The allegations contained in paragraphs 1 through 58 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

60. Puerto Rico Law 80 of May 30, 1976 establishes an indemnity payment to employees who are discharged from their employment without just cause.

61. Defendant's termination of the Plaintiff constitutes a discharge without just cause.

62. As a direct and proximate cause of Defendants aforementioned conduct, Plaintiff is entitled, in addition to the salaries he would have earned, to an indemnification equal to 3 months plus 2 weeks for each of his over 10 years of service pursuant to Puerto Rico Law 80, plus attorney's fees.

9

63. Plaintiff indemnification pursuant to Law 80 is estimated at $10,788.46 plus $1,618.26 in attorney's fee.

## JURY TRIAL

64. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant the payment of:

    a. Compensation of TWO MILLION DOLLARS ($2,000,000.00) for the first and forth causes of action;

    b. Compensation of TWO MILLION DOLLARS ($2,000,000.00) for the second, third, and fifth and sixth causes of action;

    c. Statutory, liquidated, and punitive damages under ADA, Law 100 and Law 44;

    d. All loss wages including all fringe benefits Plaintiff would have earned up to the date of trial;

    e. The salary wages including all fringe benefits Plaintiff would have earned in addition to an indemnification for the fifth cause of action totaling $10,788.46 plus $1,618.26 in attorney's fee.

    f. double compensatory damages pursuant to Law 100 and Law 44;

    g. Front pay;

    h. Reinstatement;

    i. All with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 15th of June, 2018.

*S/ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX  93**
**JUANA DIAZ, PR  00795**

**Tel.: (787) 837-0031**
**Fax:  (787) 837-0032**
**e-mail: lcdoacevedo@yahoo.com**